# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| YUDERIC ITALIA SALAZAR RIVAS | CIVIL ACTION NO. 26-0827 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| LISA BOWEN, ET AL. | MAGISTRATE JUDGE PEREZ-MONTES |

## ORDER

An unnamed "sister-in-law" signed and filed a petition for habeas corpus and a motion for a temporary restraining order on behalf of Yuderic Italia Salazar Rivas as a next friend. Record Documents 1, 3. The Court issued a notice of deficiency pursuant to Federal Rule of Civil Procedure 11 because the Petitioner, Salazar Rivas, failed to sign either motion. Record Document 5. Nevertheless, because of the purported urgency, the Court has considered the merits of Petitioner's motion for a temporary restraining order. For the reasons below, the motion is **DENIED**.

To obtain a temporary restraining order, the movant must show that she is "likely to succeed on the merits" of her case. *United States v. Abbott*, 110 F.4th 700, 706-07 (5th Cir. 2024). The Petitioner argued that she is not subject to removal because United States Citizenship and Immigration Services granted her temporary protected status. Record Document 1, at 2. In support, the Petitioner attached a Form I-797A Notice of Action that purported to grant her temporary protection status. Record Document 1-2, at 7.

Although a valid temporary protection status could bar the Petitioner's removal from the United States, *see, e.g.*, *Jean v. Patterson*, No. 25-970, 2025 WL 2345086, at *1 (W.D. La. July 16, 2025) (granting TRO where petitioner had temporary protected status), the Court has reviewed Petitioner's cited evidence, and it proves the inverse of her claim—Petitioner's temporary protected status expired on April 2, 2025. If Petitioner has other evidence that her temporary protected status was extended, she may refile her request with that documentary support. Until then, Petitioner is not likely to succeed on the merits of her habeas petition and her motion for a temporary restraining order is denied.

**DONE AND SIGNED** in Shreveport, Louisiana, this 17th day of March, 2026.

**ALEXANDER C. VAN HOOK**
**UNITED STATES DISTRICT JUDGE**